## PURCHASE AND SALE OF A MORTGAGED CHATTEL.

Circuit Court of Summit County.

HARRY HOLUB v. THE KIRK COMPANY.

Decided, October 4, 1912.

*Conversion—One Who Purchases and Sells Mortgaged Chattels Liable for Conversion.*

One who purchases of a mortgagor, a chattel upon which there is a properly executed and recorded chattel mortgage, and resells the chattel to a third person, is liable to the mortgagee in an action for conversion.

*Holloway & Chamberlain,* for plaintiff in error.
*Slabaugh, Seiberling & Huber,* contra.

NIMAN, J.; WINCH, J., and MARVIN, J., concur.

It appears from the agreed statement of facts, embodied in the bill of exceptions, that the Kirk Company, the defendant in error, sold to one Meredith a davenport of the value of $70.20; that a partial payment was made on the purchase price at the

time of the sale, and a chattel mortgage on the davenport to se-
cure the balance of the purchase price was given by Meredith
to the company; that the mortgage was duly filed with the county
recorder, and has ever since remained uncanceled; that at the
time of the institution of the original action a balance of $15 re-
mained unpaid on the purchase price of said davenport; that
after the condition in said chattel mortgage had been broken,
the said Meredith sold said davenport to Harry Holub, the
plaintiff in error, who bought and paid for it without actual
knowledge of the existence of the chattel mortgage; that there-
after the plaintiff in error sold said davenport to some person
to him unknown; that the value of said davenport at the time
of its purchase and resale by the plaintiff in error was in excess
of $15; that the defendant in error, upon being apprised of what
had taken place, demanded of the plaintiff in error that he either
surrender said davenport so that it might be subjected to the
terms of said chattel mortgage, or pay to defendant in error the
balance of $15 due it on the purchase price thereof; that plaint-
iff in error did not know, and did not have the means of ascer-
taining the location of said davenport and could not comply with
the demand to surrender the same, and neglected or refused to
pay the balance of the purchase price.

After the failure of the plaintiff in error to comply with the
demand above mentioned, the defendant in error brought suit
in a justice court to recover the balance of the purchase price
due on said davenport. On the trial of the action on appeal in the
court of common pleas, the plaintiff there recovered a judgment.
A motion for a new trial having been overruled, this proceeding
in error is prosecuted to secure a reversal of said judgment.

The sole question presented here is whether or not the plaintiff
in error, in buying the davenport in question, covered by a
chattel mortgage duly filed with the county recorder, and selling
the davenport under the circumstances recited, can be held liable
for conversion.

The legal wrong denominated "conversion" is defined in
*Cooley on Torts* (3d Ed.), 859, as being any distinct act of
dominion wrongfully exerted over one's property in denial of his
right, or inconsistent with it.

The interest of a mortgagee under a chattel mortgage is that of a general owner of the property mortgaged.  *Robinson* v. *Fritch,* 26 O. S., 659; *Root & McBride Bros.* v. *David et al,* 51 O. S., 29.

The defendant in error, by virtue of its chattel mortgage, was the general owner of the davenport.  The chattel mortgage on file in the recorder's office was constructive notice to the world of that ownership.  When the plaintiff in error took said davenport under his purchase from Meredith and sold it again, he exercised acts of dominion over it which in contemplation of law were wrongful and in denial of the right of the defendant in error, and inconsistent with such right.  His acts amounted to a conversion of the davenport, although he acted in good faith.

In *Woolsey* v. *Seeley et al,* Wright, 360, it was held that the owner of a chattel, or one having a special property in it, coupled with the right to possession, may follow it into whosoever's hands it may come, and make him liable in trover, if he shall have abused it, used it as his own, or done any act inconsistent with the rights of the owner, which is conversion.

The case of *Kanagle* v. *Taylor,* 7 O. S., 134, is authority for the same proposition of law.  It is true that in that case the defendant, who was an innocent purchaser of property covered by a chattel mortgage, was still in possession of it when demand was made upon him for its surrender, but his refusal to deliver it to the owner on demand was no more inconsistent with the right of the owner than assuming and exercising the power to sell and dispose of the property would have been.

On the agreed statement of facts, the plaintiff below was entitled to a recovery, and the judgment is affirmed.